# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **JOHN A. COATES** | **CIVIL ACTION NO. 3:14-cv-0872** |
| **LA. DOC #296434** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner John A. Coates, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 24, 2014. He attacks his 1994 conviction for second degree kidnapping and the 40 year sentence imposed thereon by the Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be deemed second and successive and **DISMISSED** because this Court lacks jurisdiction herein since petitioner has yet to obtain permission to litigate his claims from the United States Fifth Circuit Court of Appeal as mandated by the provisions of 28 U.S.C. §2244(b); in the alternative, it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was charged with first degree murder in Morehouse Parish. He pled guilty to the lesser offense of manslaughter and in accordance with the plea agreement he was sentenced

to serve 21 years at hard labor.

Thereafter petitioner was charged with kidnapping in the matter entitled *State of Louisiana v. John A. Coates*, Docket No. F-91-89 of the Fifth Judicial District Court, Richland Parish. The kidnapping and manslaughter charges arose out of an incident that occurred in the summer of 1990.[1] On or about May 18, 1994, petitioner was found guilty as charged of second

---

[1] The salient facts of the case were set out by the Second Circuit Court of Appeals in the review of the Richland Parish conviction for kidnaping as follows:

"On the evening of July 5, 1990, Coates and two friends, Amanda Stinson and John Hall, went to the Melody Lounge located in the town of Rayville in Richland Parish. Jerry Richardson, the victim, was also at the Melody Lounge that night. Richardson left the bar with Coates, Stinson and Hall, believing that they were going to get some crack cocaine. Hall, driving the group in Coates's truck, stopped at the Mon-Ray Concrete Plant less than a mile away, and also located in Richland Parish. The three men got out of the truck allegedly just to go to the bathroom. Coates returned to the truck minutes later to get a rather large 6-volt battery; according to Stinson, he stated he was going to 'beat the guy up' and 'he better have at least fifteen dollars on him.' R.p. 767. Stinson saw Coates hit Richardson in the head with the battery; Coates admitted at least beating Richardson with his fists. When Richardson fell to the ground, Coates and Hall began kicking him; at this point, Stinson got out of the truck and participated in kicking him. The men tore off Richardson's clothes (Coates admitted cutting his shirt off with a knife) and ordered him to get in the back of the truck. Hall then drove approximately 19 miles to a secluded, wooded area in neighboring Morehouse Parish. Coates and Hall ordered Richardson out of the truck and began beating him again. Stinson grabbed a tire tool from the truck and hit Richardson in the head. According to Stinson's statement Hall and Coates, in that order, slit Richardson's throat. Coates stated that Hall actually had the knife and killed Richardson. Richardson was still alive when Coates and Hall dragged him into the woods; Stinson remained near the truck. When they returned they told Stinson that he was dead.

Richardson's battered body was discovered four days later by an area resident. The Morehouse Parish Sheriff's Department launched an investigation and soon arrested Coates, Hall and Stinson for Richardson's murder. Hall led police to the concrete plant where they recovered most of Richardson's clothes and his empty wallet; Coates had given Richardson's pants and the knife to a friend who later gave the evidence to police. Coates was indicted in Morehouse Parish for first degree murder. The state then filed a bill of information charging Coates with manslaughter. Coates pled guilty to manslaughter and was sentenced to 21 years imprisonment at hard labor. He was subsequently charged in Richland Parish with second degree kidnapping, convicted by a jury and sentenced to 40 years imprisonment at hard labor, two years without benefit, to run consecutively with the previous sentence." *State of Louisiana v. John Anthony Coates*, 661 So.2d

degree kidnapping and thereafter he was sentenced to serve 40 years at hard labor. His sentence was made consecutive to the 21 year sentence imposed following petitioner's manslaughter conviction in Morehouse Parish.

Petitioner appealed the Richland Parish conviction and sentence to the Second Circuit Court of Appeals arguing the following assignments of error: (1) double jeopardy; (2) erroneous admission of the killing of the victim into evidence; (3) erroneous denial of a challenge for cause; (4) and (5) erroneous admission of the co-defendant's confession into evidence; (6) prosecutorial misconduct; and, (7) excessiveness of sentence. On September 27, 1995, petitioner's conviction and sentence were affirmed on direct appeal. *State of Louisiana v. John Anthony Coates*, 661 So.2d 571 (La. App. 2 Cir. 9/27/1995). The Louisiana Supreme Court denied writs on February 28, 1996. *State of Louisiana v. John Anthony Coates*, 668 So.2d 365 (La. 2/28/1996).

On July 31, 1996, he filed a *pro se* petition for writ of *habeas corpus* in this Court attacking the Richland Parish conviction. On September 8, 1997, the petition was denied and dismissed by United States District Judge Tucker L. Melançon. On November 18, 1997, Judge Melançon denied petitioner's request for a Certificate of Appealability (COA)[2], and, on April 17, 1998, the United States Fifth Circuit Court of Appeals denied COA. *See John A. Coates v. Warden*, Civil Action No. 3:96-cv-1822 at Docs. 1 (petition), 17 (judgment), 21 (denial of COA), and 22 (judgment of the 5th Circuit, 97-31170).

---

571, 574-575 (La. App. 2 Cir. 9/27/1995).

[2] In denying the COA, Judge Melançon held, "Adopting the analysis contained in the Report & Recommendation of the Mag. Judge issued on 6/20/97, this Court finds that there is no basis in law or fact as demonstrated by this record that petitioner is entitled to the relief he seeks." Selected Docket Entries for Case 97-31170

Later, he unsuccessfully sought review of the Morehouse Parish conviction as well. *See State of Louisiana v. John Anthony Coates*, 2001-35936 (La. App. 2 Cir. 1/9/2002), 812 So.2d. 155 (Table), rehearing denied, and writs denied, 2002-0396 (La. 1/10/2003), 834 So.2d 432.

On March 14, 2013, petitioner filed a *pro se* application for post-conviction relief in the Fifth Judicial District Court attacking the Richland Parish kidnapping conviction based upon a claim of ineffective assistance of counsel during the plea proceedings.  He argued that his application was timely because it relied upon recent Supreme Court jurisprudence, namely *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). [Doc. 1-2, pp. 1-16] The State objected to the application on the grounds that it was time-barred under the provisions of La. C.Cr.P. art. 930.8. [Doc. 1-2, pp. 17-21] Petitioner "traversed" the State's response [Doc. 1-2, pp. 22-25]; however, on April 29, 2013, the District Court dismissed petitioner's application as time-barred. [Doc. 1-2, p. 26] Petitioner filed a timely application for writs in the Second Circuit Court of Appeals [Doc. 1-2, pp. 27-36] On July 18, 2013, the Second Circuit denied writs, agreeing with the trial court that the application was untimely. *State of Louisiana v. John Anthony Coates*, 48,584-KH. [Doc. 1-2, p. 37] On August 9, 2013, petitioner filed an application for writs in the Supreme Court. [Doc. 1-2, pp. 38-47] On March 14, 2014, the Supreme Court, citing art. 930.8, denied writs finding the application was time barred. *State of Louisiana ex rel. John Anthony Coates v. State of Louisiana*, 2013-1958 (La. 3/14/2014), 134 So.3d 1192. [See also Doc. 1-2, p. 48]

Petitioner signed and mailed his petition on April 23, 2014; it was received and filed on April 24th. Petitioner argues a single claim of ineffective assistance of counsel during the pre-trial plea negotiations.

4

*Law and Analysis*

*1. Second and Successive Habeas*

  Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This is the second petition for *habeas corpus* filed by this petitioner in this Court. It attacks the Richland Parish kidnapping conviction which was the subject of his prior petition filed under Civil Action No. 3:96-cv-1822.

  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.

  Unfortunately, the contents of the pleadings and orders in Civil Action No. 3:96-cv-1822 are not readily available. Documents associated with civil actions resolved so long ago are not available on CM/ECF or PACER.  It is therefore impossible to know with absolute certainty whether petitioner's claims were either raised in his first petition or could have been.  Likewise, while it certainly appears that his first petition was dismissed with prejudice on the merits, that fact is not absolutely clear either. (The language attributed to Judge Melançon in the denial of a COA [See footnote 2] strongly suggests that the first *habeas* petition was dismissed on the merits because it lacked a basis in law and fact.)

  In other words, this petition is probably successive; and, since petitioner has not yet

received permission from the Court of Appeals to file this successive petition in the District

Court as required by the statute, this Court lacks jurisdiction to consider his claims.

However, even if the petition is not deemed second and successive, dismissal is still in

order since the petition is unquestionably time-barred.

### 2. Limitations – Section 2244(d)(1)(A)

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death

Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of

applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the

judgment of a State court.  This limitation period generally runs from "...the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during

which a properly filed application for post-conviction relief was pending in state court is not

counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

limitations period is tolled only for as long as the state application remains properly filed and

_____

[3] Petitioner's assertion that limitations should be reckoned in accordance with the
provisions of Section 2244(d)(1)(C), "... the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on collateral review..." is addressed in Part 3,
below.

pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

 Petitioner's judgment of conviction and sentence were affirmed by the Second Circuit Court of Appeals on September 27, 1995.  *State of Louisiana v. John Anthony Coates*, 661 So.2d 571 (La. App. 2 Cir. 9/27/1995).  The Louisiana Supreme Court denied writs on February 28, 1996. *State of Louisiana v. John Anthony Coates*, 668 So.2d 365 (La. 2/28/1996).  Petitioner apparently did not seek further direct review in the United States Supreme Court.

 Assuming  that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ...  [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about May 28, 1996, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13;  *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on May 28, 1996 (a little more than one month after the April 1996 effective date of the AEDPA),  petitioner had one year, or until May 28, 1997, to file his federal *habeas corpus* suit.  He timely filed his first petition for *habeas corpus* on July 31, 1996.

 Nevertheless, it is clear that thereafter, a period well in excess of one year elapsed untolled before petitioner filed the instant petition in April 2014.

### 3. Limitations – Section 2244(d)(1)(C)

 Petitioner appears to concede that his petition is time-barred if limitations is reckoned

from the date of finality of judgment. He contends however that he is entitled to have limitations reckoned as provided in 28 U.S.C. §2244(d)(1)(C), "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." . In support of this claim petitioner argues that *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively applicable to cases on collateral review.

In *Frye*, the Supreme Court held "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S.Ct. at 1408. In *Lafler*, 182 L.Ed.2d 398 (2012) the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S.Ct. at 1387.  Together these cases extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims in accordance with the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* (and *Frye* by extension) did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam). Other courts have agreed with that assessment.  *See*

8

*United States v. Lawton,* 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, — F.Supp.2d —, 2013 WL 6405423 (D.D.C. 2013) ("Because the holding in *Lafler* was dictated by Supreme Court precedent, it is not a new right...")

Further, even if *Lafler* or *Frye* were said to have announced a new right, petitioner has not, nor can he, point to any Fifth Circuit cases that hold that their holdings may be applied retroactively. In short, petitioner may not rely upon the provisions of Section 2244(d)(1)(C) to reckon the AEDPA limitations period in his case.

Finally, even if *Lafler* and *Frye* announced a new right and may be applied retroactively, the petition is still time-barred. Both cases were decided on March 21, 2012. If petitioner were allowed to reckon limitations in accordance with Section 2244(d)(1)(C), his one year period of limitations would commence on that date. Petitioner waited until March 14, 2013, to file his application for post-conviction relief, and, by that time 358 days had elapsed untolled. Even if petitioner were allowed to toll the limitations period during the period that his post-conviction application was being considered by the District Court, the Court of Appeals, and the Supreme Court[4], once the Supreme Court denied writs on March 14, 2014, [see *State of Louisiana ex rel.*

---

[4] As noted above, the Louisiana Courts dismissed petitioner's application for post-conviction relief as time-barred under Louisiana law. As such, the post-conviction pleadings were not "properly filed" so as to support tolling pursuant to Section 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state

*John Anthony Coates v. State of Louisiana*, 2013-1958 (La. 3/14/2014), 134 So.3d 1192] a period

of approximately 39 days elapsed untolled before petitioner signed and mailed his petition on

April 23, 2014.  In other words, even if limitations were calculated in accordance with the

provisions of Section 2244(d)(1)(C), a period in excess of one year elapsed before petitioner filed

his federal *habeas corpus* petition.

### 4. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled

by the defendant about the cause of action or is prevented in some extraordinary way from

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external

factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*,

442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant

---

application for post-conviction relief as untimely, it cannot be considered "properly filed" so as
to entitle the petitioner to statutory tolling pursuant to § 2244(d)(2)); Wardlaw v. Cain, 541 F.3d
275, 278 (5th Cir.2008) citing *Pace*, 544 U.S. at 414 ("When a postconviction petition is
untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

case.  It does not appear from the evidence thus far submitted that petitioner was either actively

misled by the state or otherwise prevented in some extraordinary way from asserting his rights by

timely filing his *habeas* claims.

### Conclusion and Recommendation

Petitioner claims that he was denied the effective assistance of counsel with regard to his

conviction for kidnapping in the matter entitled *State of Louisiana v. John A. Coates*, Docket No.

F-91-89 of the Fifth Judicial District Court, Richland Parish.  His first *habeas corpus* petition

attacking this conviction was filed on July 31, 1996; it was dismissed on November 18, 1997,

and Certificates Of Appealability were denied in the District Court and thereafter in the United

States Fifth Circuit Court of Appeals. *See John A. Coates v. Warden*, Civil Action No. 3:96-cv-

1822 at Docs. 1 (petition), 17 (judgment), 21 (denial of COA), and 22 (judgment of the 5th

Circuit, 97-31170).  It thus appears that the instant petition is successive and since petitioner did

not obtain permission from the Fifth Circuit to file this successive petition, this Court lacks

jurisdiction to consider petitioner's claim for relief.

Alternatively, even if the petition is not successive, it is clearly time-barred whether

limitations is calculated pursuant to 28 U.S.C. §2244(d)(1)(A) or (C).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed second and

successive and **DISMISSED** for lack of jurisdiction because petitioner did not obtain permission

from the United States Fifth Circuit Court of Appeals prior to filing; in the alternative,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified

at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 20, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

13